IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIVE FACE ON WEB, LLC                                          PLAINTIFF

V.                                      CAUSE NO. 5:17-CV-122-DCB-MTP

NATCHEZ BOARD OF REALTORS, INC.,
and JOE W. STEDMAN                                      DEFENDANTS

<u>ORDER AND OPINION</u>

Before the Court is Plaintiff Live Face on Web, LLC's Motion to Strike **[Doc. 9]** the Affirmative Defenses of Natchez Board of Realtors, Inc.

**Background**

Live Face on Web, LLC ("Live Face") owns a copyright to software that allows a company to display on its website an image of a walking, talking host. This "website spokesperson" introduces a company's website to online visitors.

The Natchez Board of Realtors, Inc. (the "Board") and its director, Joe Stedman, run a website that uses a website spokesperson video to promote the Board's services.

Live Face sued Stedman and the Board, alleging the Board's website spokesperson video infringes on Live Face's copyright. In its Answer, the Board raised twelve affirmative defenses — six of which Live Face moves to strike.

I

Defenses raised by responsive pleading must be stated in short and plain terms. FED. R. CIV. P. 8(b). If a defense is insufficient, the Court may strike it from an answer. FED. R. CIV. P. 12(f). A defense can be insufficient as a matter of pleading or as a matter of law.

A defense is insufficient as a matter of pleading if it fails to provide the plaintiff with fair notice of the defense raised.[1] Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). Fair notice will ordinarily require a defendant to do more than "baldly name" an affirmative defense. Id. at 362. But "bald naming" may suffice for discovery-dependent defenses like contributory negligence. Id. at 362 (citing American Motorists Ins. Co. v. Napoli, 166 F.2d 24, 26 (5th Cir. 1948)).

A defense is insufficient as a matter of law if it cannot succeed under any circumstances. United States v. Renda, 709 F.3d 472, 479 (5th Cir. 2013).

---

[1] The Court recognizes that the Fifth Circuit is yet to resolve a conflict among the district courts as to the pleading standard — "plausibility" or "fair notice" — that applies to affirmative defenses. That conflict is academic here: most of the Board's affirmative defenses are pleaded insufficiently under the more lenient "fair notice" standard. Live Face, moreover, has not urged the Court to apply the heightened "plausibility" standard.

II

Live Face asks the Court to strike six of the Board's twelve affirmative defenses.[2] Four defenses, Live Face argues, are insufficient as a matter of pleading. And the remaining two defenses, Live Face contends, are insufficient as a matter of law. The Court addresses each challenged defense in turn.

A

Live Face asks the Court to strike the Board's second affirmative defense, laches, because it is pleaded insufficiently. That defense reads, "Plaintiff's claims are barred by the doctrine of laches." See Doc. 5, ¶60. The Court will strike this defense, but for a different reason.

Laches applies when the legislature has not provided a fixed limitation period for the filing of a lawsuit. Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1973 (2014). Because the legislature has enacted a three-year statute of limitations for this copyright infringement suit, 17 U.S.C. § 507(b), laches is not a viable defense. See Oracle America, Inc. v. Hewlett Packard Enterprise Co., 2017 WL 635291, at *2 (N.D. Cal. 2017) (striking laches defense in copyright infringement action); Malibu Media, LLC v. Zumbo, 2014 WL 2742830, at *5 (M.D. Fla. 2014) (same).

---

[2] The Board did not file a response in opposition to Live Face's Motion.

3

The Board's laches defense is insufficient as a matter of law. Because laches is not a viable defense to this copyright infringement suit, the defense cannot succeed under any circumstances. The Court therefore GRANTS Live Face's Motion to Strike the Board's second affirmative defense, laches.

B

Live Face next asks the Court to strike the Board's third affirmative defense, estoppel, because it is pleaded insufficiently. This defense is pleaded as generally as the last: the Board states only that "Plaintiff's claims are barred by the doctrine of estoppel." See Doc. 5, ¶62.

The affirmative defense of estoppel consists of four elements: "(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury." Carson v. Dynegy, Inc., 344 F.3d 446, 453 (5th Cir. 2003).

The Board's one-sentence effort to plead the defense of estoppel fails to provide Live Face the fair notice the Fifth Circuit requires. As pleaded, the defense omits at least two key facts: the conduct on which the Board contends it detrimentally

relied and the nature of Live Face's alleged knowledge of the Board's infringing conduct.

The Board's estoppel defense is insufficient as a matter of pleading. The Court therefore GRANTS Live Face's Motion to Strike the Board's third affirmative defense, estoppel, but accords the Board leave to properly plead this defense should it wish to pursue it in this case.

C

Live Face asks the Court to strike the Board's fourth affirmative defense, unclean hands, because it is pleaded insufficiently. The defense states only that "Plaintiff's claims are barred by the doctrine of unclean hands." Doc. 5, ¶63.

Unclean hands, if proved, defeats a plaintiff's claim for equitable relief. To avail itself of the defense, the defendant must show that it was "personally" injured by the plaintiff's inequitable conduct. Mitchell Bros. Film Grp. v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979).

The Board fails to plead unclean hands with enough specificity to provide Live Face fair notice. Without some indication of the conduct that the Board finds inequitable, Live Face cannot appropriately tailor its discovery on the issue. See Software Publishers Ass'n v. Scott & Scott, LLP, 2007 WL 2325585, at *2

5

(N.D. Tex. 2007)(striking "bald assertion" of unclean hands defense).

The Board's unclean hands defense is insufficient as a matter of pleading. The Court therefore GRANTS Live Face's Motion to Strike the Board's fourth affirmative defense, unclean hands, but accords the Board leave to properly plead this defense should it wish to pursue it in this case.

D

Next, Live Face challenges the Board's sixth affirmative defense, which attempts to raise the issue of Live Face's failure to mitigate damages. The defense states, "[i]f plaintiff suffered any damages, which is denied by this Defendant, Plaintiff failed to take steps to mitigate any such damages." Doc. 5, ¶65.

The defense of failure to mitigate resembles the defense of contributory negligence; both are difficult to plead with any specificity before reasonable discovery. And that is perhaps why the Fifth Circuit has advised — in dicta — that contributory negligence is a defense that may be pleaded by merely reciting its name. Woodfield, 193 F.3d at 362 & n. 30 (internal citation omitted). It follows that failure to mitigate, too, may be pleaded with less specificity than other defenses.

It would be premature to strike the Board's defense of failure to mitigate before any discovery is conducted. See Two Men and a

Truck Int'l v. Two Guys Moving Bossier, LLC, 2015 WL 7573216, at *2 (M.D. La. 2015). The Court therefore DENIES Live Face's Motion to Strike the Board's sixth affirmative defense, failure to mitigate. Live Face may re-urge a motion to strike this defense after reasonable discovery.

E

Live Face asks the Court to strike the Board's seventh affirmative defense, innocent infringement, because it is insufficient as a matter of law. The defense is legally insufficient, the Board insists, because innocent infringement is not an affirmative defense to copyright infringement liability. The Court agrees.

Innocent infringement reduces the amount of statutory damages a court may award, Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1113 (2d Cir. 1986), but does not negate infringement liability. See, e.g., Sream, Inc. v. MLF Tobacco Shop, LLC, 2017 WL 4838788, at *3 (S.D. Fla. 2017); Pk Studios, Inc. v. R.L.R. Investments, LLC, 2016 WL 4529323, at *4 (M.D. Fla. 2016); Lizalde v. Advanced Planning Servs., Inc., 875 F. Supp. 2d 1150, 1164 n. 11 (S.D. Cal. 2012).

The affirmative defense of innocent infringement cannot succeed under any set of facts because it is not, in fact, an affirmative defense to infringement liability. And the innocence

7

of an infringer is not relevant where, as here, the plaintiff asks for actual, rather than statutory, damages. See <u>Interplan Architects, Inc. v. C.L. Thomas, Inc.</u>, 2010 WL 4366990, at *46 (S.D. Tex. 2010). The Court therefore GRANTS Live Face's Motion to Strike the Board's seventh affirmative defense, innocent infringement.

F

Finally, Live Face asks the Court to strike the Board's eighth affirmative defense, in which the Board asserts the $200 statutory damage minimum for copyright actions. See 17 U.S.C. 504(c); Doc. 5, ¶67.

This affirmative defense is insufficient as a matter of law. The statutory minimum set forth in 17 U.S.C. § 504(c)(2) does not apply because Live Face elected to recover actual — not statutory — damages.[3] See 17 U.S.C. § 504(a); <u>In re Isbell Records, Inc.</u>, 774 F.3d 859, 873 (5th Cir. 2014). The Court therefore GRANTS Live Face's Motion to Strike the Board's eighth affirmative defense.

III

The Board's second, seventh, and eighth affirmative defenses are insufficient as a matter of law. The Board's third and fourth

---

[3] Should Live Face alter its election to request statutory damages at any point before entry of final judgment, the statutory minimum of 17 U.S.C. § 504(c)(2) and issues attendant thereto would become relevant, and the Court would, of course, permit the Board to raise those issues in response to the altered election.

8

affirmative defenses are insufficient as a matter of pleading, but the Court grants the Board leave to properly plead these defenses if it wishes to pursue them in this case. The Board's sixth affirmative defense is pleaded sufficiently for this stage of the litigation.

Accordingly,

IT IS HEREBY ORDERED that Live Face on Web, LLC's Motion to Strike **[Doc. 9]** the Affirmative Defenses of Natchez Board of Realtors, Inc. is GRANTED IN PART as to Natchez Board of Realtors, Inc.'s second, third, fourth, seventh, and eighth affirmative defenses, but DENIED IN PART as to Natchez Board of Realtors, Inc.'s sixth affirmative defense.

FURTHER ORDERED that the Natchez Board of Realtors, Inc.'s second, third, fourth, seventh, and eighth affirmative defenses are STRUCK from the record of this action.

FURTHER ORDERED that if the Natchez Board of Realtors, Inc. wishes to pursue the affirmative defenses of estoppel and unclean hands, it shall file an amended answer pleading these defenses with sufficient specificity within ten days of entry of this Order.

SO ORDERED, this the 9th day of March, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE